**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

**ATT HOLDING, LLC,**

               **CIVIL ACTION**

  **Plaintiff,**         **No.** 3:26-cv-00065

**vs.**

**HARTFORD UNDERWRITERS INSURANCE COMPANY,**

  **Defendant.**

**NOTICE OF REMOVAL**

TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA, HUNTINGTON DIVISION

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, 28 U.S.C. § 1441, and 28 U.S.C. § 1446, Defendant Hartford Underwriters Insurance Company (hereinafter "Hartford") hereby files this Notice of Removal for the purposes of removing the action docketed at Civil Action No. CC-40-2025-C-293 in the Circuit Court of Putnam County, West Virginia (the "State Court Action"), to the United States District Court for the Southern District of West Virginia, Huntington Division. In support of this Notice of Removal, Defendant states as follows:

**PROCEDURAL HISTORY**

1. On December 17, 2025, Plaintiff ATT Holding, LLC filed a Complaint against Defendant Hartford initiating the State Court Action. Pursuant to the requirements of 28 U.S.C. § 1446(a), a copy of Plaintiff's Complaint, together with "all process, pleadings, and orders served upon" Defendant Hartford are attached hereto as **Exhibit No. 1.**

2. The Complaint asserts numerous claims for relief under West Virginia Code (W.Va. Code § 33-11-4 and the West Virginia Code of State Rules (W.Va. C.S.R. § 114-14-5 & W.Va. C.S.R. § 114-14-6) relating to insurance coverage allegedly owed to ATT Holding, LLC under a policy

1

issued by Defendant Hartford and the applicability of such coverages to certain alleged damages sustained to Plaintiff's property.

3.   The insurance dispute arises out of an April 14, 2025, weather event during which certain structures located on ATT Holding, LLC's property located in Nitro, Putnam County, West Virginia allegedly sustained damage due to wind and/or hail.

4.   Following the weather event, Plaintiff subsequently made a claim with Defendant Hartford for payments under the policy, alleging that certain structures on Plaintiff's property were damaged during the weather event, and alleging that those structures were covered under the policy with Hartford.

5.   Despite payments made by Defendant Hartford to Plaintiff in response to Plaintiff's claim and under the aforementioned policy, Plaintiff now contends in its' Complaint that Defendant Hartford denied Plaintiff's insurance claim, and that Defendant Hartford purportedly engaged in intentional, willful, reckless, and malicious acts which resulted in an alleged wrongful denial of benefits to which the Plaintiff believes it was entitled.  Based on these contentions, Plaintiff has set forth claims for breach of contract, breach of common law duty of good faith and fair dealing, as well as common law and statutory "bad faith."

6.   Though the Complaint filed in the State Court Action, did not set forth a specific amount in controversy, Plaintiff has specified that it seeks punitive damages as well as damages for benefits under the aforementioned policy, costs and attorney's fees, aggravation, annoyance, and inconvenience, incidental damages, and both pre-judgment and post-judgment interest.

7.   The aforementioned insurance policy, which is directly at issue in this litigation, is identified by policy number 33SBAAT9VZY and has policy limits of $5,512,300.00 for Building No. 1, and policy limits of $121,000.00 for Building No. 2.

## BASIS OF JURISDICTION

8.  This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

### A.    Diversity of Citizenship

9.  Plaintiff ATT Holding, LLC is a West Virginia Limited Liability Company registered to do business in West Virginia with its principal office located at 612 Cross Lanes Drive, Nitro, West Virginia 25143, and thus, for the purposes of diversity jurisdiction, ATT Holding, LLC is domiciled in and a citizen of West Virginia. (*See* **Exhibit No. 1**., at ¶ 1 & WV Secretary of State Business Organization Detail for ATT Holding, LLC attached hereto as **Exhibit No. 2**).

10.   A limited liability company is a citizen of the state or states of which its members are citizens.  *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004).

11.  According to public records on file with the West Virginia Secretary of State, Plaintiff is a member-managed limited liability company with only two members, Tim Tang and Rui Tan, both residents of 612 Cross Lanes Drive, Nitro, West Virginia 25143. (*See* **Exhibit No. 2**).

12.  Therefore, upon information and belief, Plaintiff's sole members are each citizens of the state of West Virginia for the purposes of determining citizenship, and therefore Plaintiff ATT Holding, LLC is a West Virginia citizen for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

13.  Defendant Hartford is a Connecticut Corporation organized and existing under the laws of the State of Connecticut with a principal place of business at One Hartford Plaza, Hartford, Connecticut 06155, and thus, for the purposes of diversity jurisdiction is domiciled in and a citizen

of Connecticut. (*See* WV Secretary of State Business Organization Detail for Hartford Underwriters Insurance Company attached hereto as **Exhibit No. 3**).

14. As Plaintiff ATT Holding, LLC is domiciled in West Virginia, and Defendant Hartford is domiciled in Connecticut for the purposes of diversity jurisdiction, and because they are the sole parties to the State Court Action, there is complete diversity among the Plaintiff and Defendant.

B.    Amount in Controversy

15. Where, as in the State Court Action, the Complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party bears the burden to show, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.00. *Thomson v. Gaskill*, 315 U.S. 442 (1942); *Ellenburg v. Spartan Motors Chassis, Inc*., 519 F.3d 192, (4th Cir. 2008).

16. Though Plaintiff's Complaint is largely unclear as to what improper acts or behaviors it alleges that Hartford engaged in due to inherent pleading deficiencies, it is clear that Plaintiff seeks to recover benefits under the policy of insurance with the Defendant, Hartford.

17. As addressed hereinabove, the policy at issue under which Plaintiff seeks benefits has applicable policy limits of $5,512,300.00 for one of the insured buildings on the property, and $121,000.00 for the second insured building on Plaintiff's property. The Certified Copy of the relevant policy is attached hereto as **Exhibit No. 4.**

18. Moreover, Plaintiff received an estimate from Stellar Commercial Roofing of Houston, Texas for roof replacement for several buildings on the Plaintiff's property which it alleges it is entitled to under the aforementioned policy. The estimate totaled $1,469,917.91 and is attached hereto as **Exhibit No. 5.**

19. In the State Court Action, Plaintiff states that it "suffered damage to its commercial buildings and appurtenant property as the result of a hail and wind storm or storms." (Comp., at ¶ 4). Plaintiff subsequently made a claim for proceeds under the aforementioned policy to "cover the loss and damages on its property." (Comp., at ¶ 5).

20. Plaintiff goes on to allege that "The Defendant paid a portion of Plaintiff's claim but denied a substantial portion of Plaintiff's claim by asserting significant portions of its property, including its roof, was not damages by hail when property immediately adjacent to its roof was damages by hail, including the roofs of its neighboring properties." (Comp., at ¶ 6).

21. Thus, at the heart of this litigation is Plaintiff's allegation that Defendant Hartford wrongfully denied its insurance claim under the aforementioned policy for replacement of the roofs of several buildings located on Plaintiff's property.

22. As Plaintiff seeks to recover proceeds under the aforementioned insurance policy (with relevant limits of $5,512,300.00 and $121,000.00), it is clear that the amount sought to be recovered, and thus, the amount in controversy, exceeds the jurisdictional threshold of $75,000.00.

23. Further, as alleged by the Plaintiff, Defendant Hartford has paid out a substantial sum under the policy in response to Plaintiff's claim. Hartford made payments totaling $470,075.21 in 2025 under the aforementioned policy for damage sustained to Plaintiff's property.

24. If Plaintiff alleges that Defendant Hartford "paid a portion of Plaintiff's claim but denied a substantial portion of Plaintiff's claim," and it is undisputed that Defendant Hartford has issued payments on Plaintiff's claim in the amount of $470,075.21, but additional monies continue to be sought, the amount sought must equal or exceed $75,000.00, otherwise it could not possibly be considered a "substantial portion" of Plaintiff's claim. Therefore, if the amount sought by Plaintiff

represents the "substantial portion" of Plaintiff's claim which it contends was denied, this amount also exceeds the $75,000.00 amount in controversy threshold required for diversity jurisdiction.

25.    Moreover, Plaintiff itself has produced an estimate for the cost of replacement which it feels it is entitled to under the policy, which details that the replacement cost would be $1,469,917.91. As such, it is equally apparent that Plaintiff alleges that it is entitled to at least the amount of the estimate, sought to be paid from the aforementioned policy, to effectuate replacement of the roofs of the buildings on Plaintiff's property. Thus, though Plaintiff did not provide a specific amount in the Complaint which it seeks to recover, the evidence produced by the Plaintiff summarily shows that the Plaintiff seeks at least $1,469,917.91 under the policy for roof replacement, again far exceeding the $75,000.00 jurisdictional threshold for diversity jurisdiction.

26. Additionally, Plaintiff's request for punitive damages further augments the amount in controversy.  See Comp., at ¶ 12 & WHEREFORE, at ¶ d).  "A good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action." *Bryant v. Wal-Mart Stores E., Inc.,* 117 F. Supp. 2d 555, 557 (S.D. W. Va. 2000) (Haden, J.).  For example, in *Bryant*, this Court concluded that the amount in controversy was met by adding a punitive damage award to special damages of $4,605.75 for medical expenses and $2,899.65 for lost wages. *Id*. at 556.

27. Pursuant to W.Va. Code § 55-7-29(c), "The amount of punitive damages that may be awarded in a civil action may not exceed the greater of four times the amount of compensatory damages or $500,000.00, whichever is greater.

28. While Defendant Hartford denies all wrongdoing and accepts no liability in the present matter, to the extent Plaintiff proves its allegations seeking $1,469,917.91 in replacement cost, attorneys fees and costs, and a single-digit multiplier for punitive damages, the $75,000.00 amount controversy is satisfied.

29. Accordingly, the claim set forth by Plaintiff against Defendant Hartford exceeds the amount in controversy threshold pursuant to 28 U.S.C. § 1332(a).

## **REMOVAL PROCEDURE**

30. Defendant Hartford is the proper party to remove this action under 28 U.S.C. § 1441(a).

31. This Court is the proper venue under 28 U.S.C. § 1441(a) because Putnam County, West Virginia, where the State Court Action was filed, is within the Huntington Division of the United States District Court for the Southern District of West Virginia.

32. Plaintiff effectuated service of process of the Complaint on Hartford on December 29, 2025, and this Notice of Removal is timely filed within thirty (30) days after service was effectuated.

33. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant Hartford are attached hereto as **Exhibit No. 1**.

34. Promptly after filing this Notice of Removal, Defendant Hartford will provide written notice to ATT Holding, LLC's counsel and will file a copy of this Notice of Removal with the Clerk of the Circuit Court of Putnam County, West Virginia in compliance with 28 U.S.C. § 1446(d).

35. By removing this action, Defendant Hartford does not waive any defenses, including those contained within Rule 12 of the *Federal Rules of Civil Procedure*, and does not admit any of the allegations contained within Plaintiff's Complaint.

WHEREFORE, notice is hereby given that the State Court Action in the Circuit Court for Putnam County, West Virginia is removed to the United States District Court for the Southern District of West Virginia, Huntington Division.

**HARTFORD UNDERWRITERS INSURANCE COMPANY**

**Respectfully Submitted by Counsel:**

*/s/ Jared C. Underwood*
Jared C. Underwood (WVSB #12141)
Kyle S. Ayers (WVSB #14535)

**STEPTOE & JOHNSON PLLC**
P.O. Box 1588
Charleston, West Virginia 25326-1588
Telephone: (304) 353-8000
Fax: (304) 933-8704
*jared.underwood@steptoe-johnson.com*
*kyle.ayers@steptoe-johnson.com*
***Counsel for Defendant Hartford Underwriters Insurance Company***

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION**

**ATT HOLDING, LLC,**

                                                  **CIVIL ACTION**

        **Plaintiff,**                             **No.** 3:26-cv-00065

**vs.**

**HARTFORD UNDERWRITERS INSURANCE COMPANY,**

        **Defendant.**

**CERTIFICATE OF SERVICE**

        The undersigned counsel of record for Defendant Hartford Underwriters Insurance Company,

do hereby certify on this 28th day of January, 2026, that a true copy of the foregoing "***NOTICE OF***

***REMOVAL***" was electronically filed with the Clerk of the Court using the CM/ECF system which

will send notification of such filing to the following counsel of record:

Thomas H. Peyton, Esquire
PEYTON LAW FIRM, PLLC
Post Office Box 216
2801 First Avenue
Nitro, WV 25143
thpeyton@peytonlawfirm.com
*Counsel for Plaintiff*

                                        **/s/ *Jared C. Underwood***

                                        Jared C. Underwood, WV State Bar No. 12141
                                        Kyle S. Ayers, WV State Bar No. 14535