**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

ATT HOLDING, LLC,

               Plaintiff,

v.                                      CIVIL ACTION NO. 3:26-0065

HARTFORD UNDERWRITERS
INSURANCE COMPANY,

               Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant Hartford Underwriters Insurance Company's Motion to Dismiss Plaintiff's Complaint (ECF 7, Def.'s Mot.) and Plaintiff ATT Holding, LLC's Motion to Amend Complaint (ECF 9). Defendant's Motion asks the Court to dismiss Plaintiff ATT Holdings, LLC's Complaint with prejudice. *See* ECF 8, Def.'s Mem. 13. For the reasons stated below, the Court **GRANTS in part** and **DENIES in part** Defendant's Motion and **DENIES** Plaintiff's Motion. The Court will dismiss Plaintiff's Complaint, but it will do so without prejudice.

**BACKGROUND**

According to Plaintiff's proposed amended complaint (hereinafter "Amended Complaint"), Plaintiff purchased an insurance policy from Defendant "covering Plaintiff's commercial buildings in" Nitro, West Virginia. ECF 9, Pl.'s Mot., Ex. A § 4. Plaintiff alleges that, after hail "damaged multiple buildings owned by" Plaintiff, Plaintiff submitted an insurance claim to Defendant for the damage. *Id.* § 9; *see id.* § 7. The Amended Complaint says that, months later, Defendant "denied a substantial portion of Plaintiff's claim without explanation." *Id.* § 9. Plaintiff

notes that, when prompted, Defendant "claimed 'information' it obtained indicate[d] 'not all of the roof coverings were damaged.'" *Id.* § 9.

Plaintiff sued, alleging Defendant breached its insurance contract, committed common-law bad faith, violated West Virginia legislative rules,[1] and violated the West Virginia Unfair Trade Practices Act (UTPA). *See id.* §§ 11–14.

On February 4, 2026, Defendant filed an Answer to Plaintiff's Complaint. *See* ECF 6. On February 17, 2026, it filed its Motion to Dismiss. *See* Def.'s Mot. The Motion argues that Plaintiff's Complaint lacks sufficient factual allegations and that Plaintiff does not have standing to raise certain UTPA claims.[2] *See* Def.'s Mem. 5, 9.

After Defendant filed the Motion to Dismiss, Plaintiff filed its Motion to Amend Complaint. *See* Pl.'s Mot. According to Plaintiff, the Amended Complaint is "a de facto response to" Defendant's Motion to Dismiss. Pl.'s Mot. 2.

## LEGAL STANDARD

While Defendant styles its Motion as a motion to dismiss, the Court must construe it as a motion for judgment on the pleadings since it was filed after Defendant filed its answer. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *see also* Fed. R. Civ. P. 12(b) ("A motion asserting [the failure to state a claim] must be made before pleading if a responsive pleading is allowed.").

"A motion for judgment on the pleadings under Rule 12(c) is assessed under the same standards as a motion to dismiss under Rule 12(b)(6)." *Occupy Columbia v. Haley*, 738 F.3d 107,

---

[1] Specifically, the Amended Complaint alleges Defendant violated "111 C.S.R. 14.5.3" and "114 C.S.R. 14.61 . . . ." ECF 9-1 § 14.a, f. The Court suspects "111 C.S.R. 14.5.3" was meant to refer to C.S.R. § 114-14-5.3. and that "114 C.S.R. 14.61" was meant to refer to C.S.R. § 114-14-6.6.a.

[2] Defendant also argues Plaintiff's request for an award for punitive damages should be dismissed. *See* Def.'s Mem. 12. Since the Court will dismiss Plaintiff's claims, it declines to address whether punitive damages are available.

2

115 (4th Cir. 2013). To survive a 12(b)(6) motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id.* at 555. While the complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations omitted) (quoting *Conley v. Gibson*, 255 U.S. 41, 47 (1957)).

## ANALYSIS

### I.   Plaintiff Has Not Supported Its Claims with Sufficient Factual Allegations

As noted above, Plaintiff brings breach-of-contract, bad-faith, and UTPA claims, as well as claims under C.S.R. § 114-14-5.3 and § 114-14-6.4.a. None of these claims are supported by adequate factual allegations.

*First*, while Plaintiff alleges Defendant denied a portion of its insurance claim, Plaintiff does not state a breach-of-contract claim. The Amended Complaint does not explain what Plaintiff's insurance policy requires of Defendant. Even if the Court assumed the policy required Defendant to compensate Plaintiff for any hail damage, Plaintiff has not alleged Defendant failed to do so; Plaintiff does not allege Defendant's explanation for denying a portion of the claim—that not all of Plaintiff's roof coverings were damaged—is untrue.[3]

*Second*, the Amended Complaint does not state a common-law bad-faith claim. Plaintiff does allege Defendant denied part of Plaintiff's insurance claim "without explanation." But even if this were enough to constitute bad faith, Plaintiff's failure to allege breach of contract defeats its bad-faith claim. *See Patterson v. Westfield Ins. Co.*, 516 F. Supp. 3d 557, 565 (N.D. W. Va. 2021)

---

[3] The Amended Complaint does assert that hail damaged multiple buildings owned by Plaintiff. This is completely consistent with Defendant's claim that not all of Plaintiff's roof coverings were damaged.

("West Virginia law does not . . . recognize an independent cause of action for the breach of an implied covenant of good faith and fair dealing separate and apart from a breach of contract claim." (quoting *Slampak v. Nationwide Ins. Co. of Am.*, Civ. A. No. 5:18CV154, 2019 WL 3304814, at *5 (N.D. W. Va. July 23, 2019))).

*Third*, Plaintiff has not stated a claim under the UTPA or its associated legislative rules. To state a UTPA claim, a plaintiff must allege that the UTPA violations arose "from a habit, custom, usage, or business policy of the insurer" such that "the practice or practices are sufficiently pervasive or sufficiently sanctioned by the insurance company that the conduct can be considered a 'general business practice . . . .'" Syl. pt. 2, *Mills v. Watkins*, 582 S.E.2d 877 (W. Va. 2003). Since C.S.R. § 114-14 does not "create[] or recognize[] . . . any new or different cause of action not otherwise recognized by law," C.S.R. § 114-14-1.1.e, this requirement also applies to Plaintiff's legislative-rule claims.

Only one allegation in the Amended Complaint plausibly constitutes a violation of C.S.R. § 114-14-5.3, C.S.R. § 114-14-6.4.a, or W. Va. Code § 33-11-4(9)(b)–(g): that Defendant took "months" to respond to Plaintiff's insurance claim. C.S.R. § 114-14-5.3 requires insurers to reply to "pertinent communications from a claimant which reasonably suggest that a response is expected" within fifteen "working days of receipt," and W. Va. Code § 33-11-4(9)(b) requires insures to "acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies . . . ." W. Va. Code § 33-11-4(9)(c), meanwhile, requires insurers to "adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies . . . ." The Court can infer, from Defendant taking "months" to respond to Plaintiff's claim, that Defendant lacks such standards. But even though Plaintiff has alleged these violations, it has not alleged Defendant's belated response arose from a general business practice.

4

Plaintiff correctly points out that "the handling of a single claim can demonstrate separate, discrete acts or omissions, each of which constitute violations of different subparagraphs of W. Va. Code § 33-11-4(9) and support a general business practice." Pl.'s Mot., Ex. A § 14 n.1 (quoting *Abraham Linc Corp. v. Spinnaker Ins. Co.*, Civ. A. No. 1:23-CV-98, 2024 WL 3433661, at *8 (N.D. W. Va. July 16, 2014)). But here, Plaintiff has alleged only one act or omission that violated § 33-11-4(9).

Since Plaintiff has not supported any of its claims with sufficient factual allegations, the Court will dismiss its Complaint.

## II.    Plaintiff Has Standing to Bring Claims Under W. Va. Code § 33-11-4(9)(b) and (f)

Defendant argues Plaintiff lacks standing to sue Defendant for violating § 33-11-4(9)(b) and (f). *See* Def.'s Mem. 9. In support of this position, Defendant cites *State ex rel. West Virginia Mutual Insurance Company v. Salango*. *See id.* In *Salango*, the West Virginia Supreme Court held that "a defendant insured under a liability policy 'has no standing to assert a claim under subsection (9)(b) or subsection (9)(f).'" 866 S.E.2d 74, 82 (W. Va. 2021) (quoting *State ex rel. State Auto Prop. Ins. Cos. v. Stucky*, 806 S.E.2d 160, 167 (W. Va. 2017)). The court explained that "insureds under a liability policy lack standing under subsections (b) and (f), because 'the term "claim" is used in its common (and common sense) usage: an effort by a third party to recover money from the insured.'" *Id.* (quoting *Stucky*, 806 S.E.2d at 166).

In *Maynard v. Combined Insurance Company of America*, this Court declined to apply *Salango* to a disability-insurance dispute. *See* CIV. A. No. 3:25-00234, 2025 WL 3025691, at *2 (S.D. W. Va. Oct. 29, 2025). The Court explained that *Salango* "turned on the meaning of the word 'claim' in the liability-insurance context," in particular. *Id.* The same reasoning applies here. *See Snodgrass v. Hartford Underwriters Ins. Co.*, CIV. A. 2:25-cv-00301, 2026 WL 103476, *4 (citing

*Maynard*, 2025 WL 3025691, at \*2) (declining to extend *Salango* to a property-insurance dispute). Accordingly, the Court will not dismiss Plaintiff's claims on this basis.

### III.　The Court Will Dismiss Plaintiff's Complaint Without Prejudice

Defendant asks the Court to dismiss Plaintiff's Compliant with prejudice. *See* Def.'s Mem. 13. "[D]ismissal with prejudice is warranted only when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006) (emphasis in original omitted) (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996)); *see also Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) ("The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading." (quoting 5A Charles Allen Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 (2d ed. 1990))).

It is entirely possible that Plaintiff could allege facts, consistent with those already pled, that would demonstrate a plausible entitlement to relief. Accordingly, the Court will dismiss Plaintiff's claims without prejudice.

### IV.　Amending the Complain Would Be Futile

A plaintiff may amend its complaint with "the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* But a court may deny leave when amendment would be futile. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). "Futility is apparent if the proposed amended complaint fails to state a claim . . . ." *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462 (4th Cir. 2011). Here, Plaintiff's proposed amended complaint fails to state a claim. Since granting leave to amend would be futile, the Court will deny Plaintiff's Motion to Amend.

**CONCLUSION**

The Court **GRANTS in part** and **DENIES in part** Defendant's Motion to Dismiss Plaintiff's Complaint (ECF 7). The Court **DISMISSES** Plaintiff's claims **without prejudice**.

The Court **DENIES** Plaintiff's Motion to Amend Complaint (ECF 9).

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        April 6, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE